PER CURIAM.
The defendant, Jorge Echemendia, appeals from his conviction arguing that the trial court erred by denying his motion for mistrial. We agree.
The defendant was charged with burglary, shooting a deadly missile, and first degree murder. Lazario Drake, who was present at the time of the shooting, was called to testify by the State. Mr. Drake spoke only Spanish and an interpreter was used to interpret his testimony from Spanish to English. Mr. Drake gave testimony about a statement the defendant made regarding the victim that when interpreted by the interpreter seemed as if the defendant used a racial slur when referring to the victim. Because this was a misinterpretation of the witness’ statement by the interpreter, defense counsel objected and moved for a mistrial arguing that a curative instruction would be inadequate. The trial court denied the motion for mis *556 trial. The jury found the defendant guilty as charged, and this appeal followed.
Pursuant to section 90.606(3), Florida Statute (1997), an interpreter must “make a true interpretation of the questions asked and the answers given.... ” In the instant case, the interpretation given was not “a true interpretation of the ... answers given,” and as a result, made it seem as if the defendant used a racial slur when referring to the victim. Further, because the evidence of guilt was not overwhelming, the error cannot be deemed harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Therefore, we must reverse and remand for a new trial.
Reversed and remanded.